PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 08/2021)

MAR 6 2024 AM 10:40
FILED - USDC - NDTX - AM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

Michael Jarrow #2181127

Plaintiff's Name and ID Number

William P. Clements Unit

Place of Confinement

**2-24CV-047-Z**

CASE NO._____

(Clerk will assign the number)

v.

Lynnette J. Jalufka
P.O. Box 660400 Dallas, Texas 75266-0400

Defendant's Name and Address

Lynnette J. Jalufka
P.O. Box 660400 Dallas, Texas 75266-0400

Defendant's Name and Address

Lynnette J. Jalufka
P.O. Box 660400 Dallas, Texas 75266-0400

Defendant's Name and Address

( DO NOT USE "ET AL.")

---

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "… if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

    A.   Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B.   If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.   Approximate date of filing lawsuit: March 3, 2022

        2.   Parties to previous lawsuit: Michael Jarrow v. Kevin A. Medrano
            Plaintiff(s) Michael Jarrow
            Defendant(s) Kevin A. Medrano

        3.   Court: (If federal, name the district; if state, name the county.) Northern Dist. of Tx.

        4.   Cause number: 2:22-CV-00034-Z-BR

        5.   Name of judge to whom case was assigned: Matthew J. Kacsmaryk

        6.   Disposition: (Was the case dismissed, appealed, still pending?) Case dismissed

        7.   Approximate date of disposition: January 20, 2023

II. PLACE OF PRESENT CONFINEMENT: William P. Clements Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    ✓ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Michael Jarrow #2181187  P.O. Box 660400 Dallas, Texas 75266-0400

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Lynnette J. Jalufka, Admin. Asst. II, William P. Clements Unit  P.O. Box 660400 Dallas, Texas 75266-0400

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

The defendant recklessly delivered incoming legal mail to the plaintiff late.

Defendant #2: N/A

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

N/A

Defendant #3: N/A

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

N/A

Defendant #4: N/A

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

N/A

Defendant #5: N/A

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

N/A

Rev. 05/15

V.   **STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.   IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

The defendant Lynnette J. Jalufka recklessly caused the plaintiff Michael Jarrow's eight civil lawsuits to be dismissed. The Court may refer to Exhibit "C" attached hereto for additional facts. Moreover, defendant Lynnette J. Jalufka delivered the plaintiff's incoming legal mail to him on 12-building at 12-C2-18 cell on August 9, 2023 at the William P. Clements Unit past the deadline for the plaintiff to file timely objections to a magistrate judge's recommendations to dismiss the plaintiff's eight civil lawsuits filed by the plaintiff aforesaid hereinabove.

VI.   **RELIEF:**

State briefly exactly what you want the court to do for you.   Make no legal arguments.  Cite no cases or statutes.

The plaintiff seeks $60,000 in punitive damages against the defendant in her individual capacity for reckless disregard.

VII.   **GENERAL BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Michael Jarrow is my real name and Pete is my alias.

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
1622023, 1921313, 2181127

VIII.   **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  √ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1.  Court that imposed sanctions (if federal, give the district and division): N/A

   2.  Case number: N/A

   3.  Approximate date sanctions were imposed: N/A

   4.  Have the sanctions been lifted or otherwise satisfied?   ____YES  √ NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed?    ✓ YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): Northern Dist. of Tx.

   2. Case number: 2:21-CV-00065-Z-BR

   3. Approximate date warning was issued: August 9, 2023

Executed on: 02-26-2024
DATE

Michael Jarrow

Michael Jarrow
(Signature of Plaintiff)

**PLAINTIFF'S DECLARATIONS**

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _26th_ day of _February_, 20 _24_.
   (Day)            (month)            (year)

Michael Jarrow

Michael Jarrow
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

In the United States District Court
For the Northern District of Texas
Amarillo Division

Page 1

Michael Jarrow,
    Plaintiff

V.

Lynnette J. Jalufka,
    Defendant

PLAINTIFF'S AFFIDAVIT IN
SUPPORT OF PLAINTIFF'S
ALLEGATIONS IN THE PLAINTIFF'S
COMPLAINT

Civil Action No. _____

Exhibit C

Michael Jarrow, being duly sworn, deposes and states:

1. My name is Michael Jarrow. I am a 43 year old African American male. I am an inmate in the custody of the Texas Department of Criminal Justice, namely at the William P. Clements Unit at the address of P.O. Box 660400 Dallas, Texas 75266-0400 - H5.G-105. I am fully competent to make this affidavit, and I have personal knowledge of the facts stated in this affidavit. To my knowledge all of the facts stated in this affidavit are true and correct.

2. I am the plaintiff in this action. I make this affidavit in support of the plaintiff's allegations in the plaintiff's complaint.

3. I have been incarcerated at the William P. Clements Unit since the year of 2020. Since August 31, 2023 I have been housed on H5.G-wing in H5.G-105 cell here at the William P. Clements Unit. Prior to the date of August 31, 2023 I was formerly housed on 12-building in 12-C2-18 cell here at the William P. Clements Unit - in the month of August in the year of 2023.

4. On the date of August 9, 2023 on 12-building at 12-C2-18 cell

here at the William P. Clements Unit defendant Lynnette J. Jalufka showed up at my cell door, i.e., 12-building 12-CA-18 cell door here at the William P. Clements Unit. Thereafter, defendant Lynnette J. Jalufka stated candidly to me that I had legal mail.

5. About an interval of one minute between the time that defendant Lynnette J. Jalufka showed up at my cell door and stated that I had legal mail, I got out of the bunk in my cell to receive the incoming legal mail from defendant Lynnette J. Jalufka, and thereupon, defendant Lynnette J. Jalufka delivered nine incoming legal correspondence to me from the "CLERK United States District Court Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, TX 79101" which were relevant to: (1) Case Name: Jarrow v. Meza ECF No. 19; (2) Case Name: Jarrow v. Trejoviramontes ECF No. 15; (3) Case Name: Jarrow v. Brown ECF No. 13; (4) Case Name: Jarrow v. Meza ECF No. 9; (5) Case Name: Jarrow v. Preciado ECF No. 10; (6) Case Name: Jarrow v. Porter ECF No. 12; (7) Case Name: Jarrow v. Devers ECF No. 10; and two identical legal correspondence relevant to Case Name: Jarrow v. Orr ECF No. 23, moreover, ECF Nos. 19, 15, 13, 9, 10, 12, 10, and 23 are correlated in precise order to Case Numbers: 2:21-cv-00069-Z-BR; 2:21-cv-00083-Z-BR; 2:21-cv-00133-Z-BR; 2:21-cv-00158-Z-BR; 2:21-cv-00200-Z-BR; 2:21-cv-00208-Z-BR; 2:21-cv-00227-Z-BR; and 2:21-cv-00065-Z-BR. Furthermore, on August 9, 2023 defendant Lynnette J. Jalufka delivered incoming legal correspondence to me relevant to each Case Name, Case Number, and ECF No. aforesaid hereinabove. Which caused the plaintiff irreparable harm inasmuch as the incoming legal mail delivered to me on August 9, 2023 aforesaid above caused the plaintiff to miss the deadline to file timely objections to a magistrate judge's recommendations to dismiss the plaintiff's complaints as three-strikes barred under 28 U.S.C. § 1915(g) relevant to the Case Names, Case Numbers, and ECF Nos. stated hereinabove - which resulted with the dismissal of each case filed by the plaintiff stated hereinabove. The magistrate judge, similarly entered her recommendations to dismiss on July 18, 2023.

b. The plaintiff had 14 days from the date of July 18, 2023 to file timely objections to the magistrate judge's findings, conclusions, and recommendations to dismiss the plaintiff's complaints relevant to the Plaintiff's cases aforesaid hereinbefore, as a result of defendant Lynnette J. Jalufka delivering the plaintiff nine incoming legal correspondence on August 9, 2023 on 12-building at 12-C2-18 cell at the William P. Clements Unit from the "CLERK United States District Court Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, TX 79101;" the 14 days time period for the plaintiff to file timely objections to the magistrate judge's findings, conclusions, and recommendations to dismiss the Plaintiff's complaints relevant to case Numbers: 2:21-CV-00065-Z-BR; 2:21-CV-00069-Z-BR; 2:21-CV-00083-Z-BR; 2:21-CV-00123-Z-BR; 2:21-CV-00158-Z-BR; 2:21-CV-00200-Z-BR; 2:21-CV-00208-Z-BR; and 2:21-CV-00227-Z-BR had expired resulting with the Plaintiff's cases aforesaid above being dismissed.


I Michael Jarrow #2181127, being presently incarcerated in William P. Clements Unit, in Potter County, Texas, declare (or Certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on the 26th day of January, 2024.

_____
Michael Jarrow
(Inmate Signature)


Dallas, Texas

Page 1

In the United States District Court
For the Northern District of Texas
Amarillo Division

Michael Jarrow,
Plaintiff

v.

Lynnette J. Jalufka,
Defendant

PLAINTIFF'S NOTICE TO COURT
THAT ACTION INVOLVES
CHALLENGE TO CONSTITUTIONALITY
OF FEDERAL STATUTE

Civil Action No. _____

Michael Jarrow, the plaintiff in this action, calls to the attention of this Court, pursuant to Rule 5.1(a)(1)(A) of the Federal Rules of Civil Procedure and Title 28 of the United States Code, Section 2403(a) that he challenges the Constitutionality of Title 28 of the United States Code, Section 1915(g) also known as the "three-strike" provision. See Okla. ex rel. Edmondson v. Pope, 516 F.3d 1214, 1215, 2008 U.S. App. LEXIS 4154, at **1 (2008). The Court may refer to Exhibit "A" on page 8 attached hereto to inquire into the paper raising the challenge to the Constitutionality of Title 28 of the United States Code, Section 1915(g).

In particular, Michael Jarrow claim that this statute 28 U.S.C. § 1915(g) violates the Plaintiff's First Amendment right of freedom of speech, the Plaintiff's Fifth Amendment right of due process of law, and the Plaintiff's Fourteenth Amendment right of equal protection of the laws

Date: February 26, 2024
Signature: Michael Jarrow
Printed Name: Michael Jarrow
Address: P.O. Box 660400 Dallas, Texas 75266-0400

In the United States District Court
For the Northern District of Texas
Amarillo Division

| | |
|---|---|
| Michael Jarrow, Plaintiff <br><br> v. <br><br> Lynnette J. Jalufka, Defendant | PLAINTIFF'S NOTICE TO THE ATTORNEY GENERAL OF THE UNITED STATES OF ACTION CHALLENGING CONSTITUTIONALITY OF FEDERAL STATUTE <br><br> Civil Action No. _____ |

This notice is authorized under Rule 5.1(a)(a) of the Federal Rules of Civil Procedure.

TO THE UNITED STATES ATTORNEY GENERAL:

TAKE NOTICE that attached to this document are:

1. A copy of a notice filed in the United States District Court for the Northern District of Texas Amarillo Division, stating that Michael Jarrow, the plaintiff in this action has raised a constitutional challenge to Title 28 of the United States Code, Section 1915(g) also known as the "three-strike" provision.

2. A copy of the plaintiff's memorandum of law and legal arguments in support of Plaintiff's Complaint is attached as Exhibit "A" in which the constitutional challenge is raised; and which begins on page 8 of Exhibit "A".

Date: February 26, 2024
Signature: Michael Jarrow
Printed Name: Michael Jarrow
Address: P.O. Box 660400  Dallas, Texas 75266-0400

Page 1

In the United States District Court
For the Northern District of Texas
Amarillo Division

Michael Jarrow,
            Plaintiff

            V.

Lynnette J. Jalufka,
            Defendant

PLAINTIFF'S MEMORANDUM
OF LAW AND LEGAL
ARGUMENTS IN SUPPORT OF
PLAINTIFF'S COMPLAINT

Civil Action No. _____

Exhibit A

## ISSUES PRESENTED

1. The defendant Lynnette J. Jalufka violated the plaintiff Michael Jarrow's fundamental right to access to the Courts under the First Amendment freedom of speech clause of the United States Constitution.

2. The defendant Lynnette J. Jalufka was recklessly indifferent to the plaintiff Michael Jarrow's constitutional right of access to the courts.

3. The plaintiff Michael Jarrow seeks punitive damages against defendant Lynnette J. Jalufka for the defendant's reckless indifference to the plaintiff's Constitutional right.

4. The plaintiff will challenge the constitutionality of Title 28 of the United States Code, Section 1915(g) to overcome the three-strikes bar.

5. The plaintiff seeks intervention from the Attorney General of the United States under Rule 5.1(a) of the Federal Rules of Civil Procedure, and 28 U.S.C. §2403(a) to challenge the constitutionality of Title 28 of the United States Code, Section 1915(g).

# STATEMENT OF CASE

This is a Title 42 of the United States Code, Section 1983 Civil rights action brought by the Plaintiff Michael Jarrow against the defendant Lynnette J. Jalufka which the Plaintiff has asserted a deprivation of his constitutional right of access to the courts and a deprivation of his First Amendment right under the freedom of speech clause of the United States Constitution. The Plaintiff Michael Jarrow seeks $60,000 in punitive damages against the defendant Lynnette J. Jalufka in her individual capacity for reckless disregard to the Plaintiff's constitutional rights.

# SUMMARY OF ARGUMENTS

On the date of August 9, 2023 on 12-building at 12-C2-18 cell at the William P. Clements Unit defendant Lynnette J. Jalufka violated the Plaintiff Michael Jarrow's constitutional right of access to the courts, whereby the defendant delivering the Plaintiff late incoming legal mail which caused eight of the Plaintiff's civil lawsuits to be dismissed. See Crawford-El v. Britton, 951 F.2d 1314, 1318, 1991 U.S. APP. LEXIS 30082, at **10 (1991). Which was also a violation of the Plaintiff Michael Jarrow's First Amendment right under the freedom of speech clause of the United States Constitution, whereby withholding the Plaintiff's incoming legal mail and delivering the legal mail to the Plaintiff late and causing the Plaintiff's eight civil lawsuits to be dismissed. See Bieregu v. Reno, 59 F.3d 1445, 1452, 1995 U.S. App. LEXIS 16860, at **15 (1995). Moreover, the defendant Lynnette J. Jalufka's delivering of the Plaintiff Michael Jarrow's incoming legal mail late causing the Plaintiff's eight civil lawsuits to be dismissed was in reckless disregard to Plaintiff Michael Jarrow's constitutional right of access to the courts. See Johnson v. Miller, 925 F.Supp. 334, 338-339, 1996 U.S. Dist. LEXIS 4520, at **7-**9 (1996). In addition, the Plaintiff Michael Jarrow seeks punitive damages against defendant Lynnette J. Jalufka in her individual capacity for her reckless indifference of the constitutional right of the Plaintiff Michael Jarrow to access to the courts. See Smith v. Wade, 461 U.S. 30, 46-48, 103 S.Ct. 1625, 1635-

1636, 75 L.Ed.2d 632, 646, 1983 U.S. LEXIS 24, at **** 20 (1983). Furthermore, the Plaintiff Michael Jarrow will challenge the constitutionality of the three-strike provision of 28 U.S.C. §1915 (g) in view of the fact that the Plaintiff Michael Jarrow is three-strikes barred under the provision of 28 U.S.C. §1915(g)-and the provision of 28 U.S.C. §1915(g) is unconstitutional to the Plaintiff's constitutional right of access to the Courts under the First Amendment freedom of speech clause of the United States Constitution and 28 U.S.C. §1915(g) is unconstitutional to the Plaintiff's Fifth Amendment due process fundamental right of the United States Constitution, in addition to 28 U.S.C. §1915(g) being unconstitutional to the Plaintiff's Fourteenth Amendment equal protection fundamental right of the United States Constitution relevant to the case at bar. See Lewis v. Sullivan, 135 F.Supp. 2d 954, 959, 2001 U.S. Dist. LEXIS 7263, at **11 (2001). The Plaintiff Michael Jarrow also seeks intervention from the Attorney General of the United States under Rule 5.1(a) of the Federal Rules of Civil Procedure, and 28 U.S.C. §1915(g) aforesaid hereinbefore is the federal statute that the Plaintiff seeks to challenge - the Plaintiff also seeks intervention under Title 28 of the United States Code, Section 2403(a) from the Attorney General of the United States to challenge the constitutionality of 28 U.S.C. §1915(g). See Okla. ex rel. Edmondson v. Pope, 516 F.3d 1214, 1215-1216, 2008 U.S. App. LEXIS 4154, at **1-**2 (2008).

## ARGUMENTS Point 1

On August 9, 2023 defendant Lynnette J. Jalufka violated the Plaintiff Michael Jarrow's constitutional right of access to the Courts. See Crawford-El v. Britton, 951 F.2d 1314, 1318, 1991 U.S. App. LEXIS 30082, at ** 10 (1991). Though Britton's position is more obscure, she implicitly and correctly recognizes that it was clear by 1989 that an officer who interfered with the trans- mission of an inmate's legal papers for the purpose of thwarting the inmate's litigation violated his constitutional

right of access to the courts. Id. Similarly, on August 9, 2023 defendant Lynnette J. Jalufka delivered the plaintiff Michael Jarrow late incoming legal mail which resulted with eight civil lawsuits filed by the plaintiff being dismissed. See Bieregu v. Reno, 59 F.3d 1445, 1452, 1995 U.S. App. LEXIS 16860, at **15 (1995). Plaintiff also alleges that defendants censored his mail. Id. In the context of the First Amendment and prison mail, however, censorship means altering or "withholding delivery of a particular letter." Id. Furthermore, defendant Lynnette J. Jalufka hindered the plaintiff's constitutional right of access to the courts, whereby withholding the plaintiff's incoming legal mail and delivering the plaintiff's incoming legal mail to him past the deadline for the plaintiff to file timely objections and keep his civil lawsuits progressing. Which ended with eight of the plaintiff's civil lawsuits being dismissed. See Washington v. James, 782 F.2d 1134, 1138, 1986 U.S. App. LEXIS 22052, at **10-**11 (1986). A prisoner has a constitutional right of access to the courts for the purpose of presenting his claims, a right that prison officials cannot unreasonably obstruct and that states have affirmative obligations to assure. Id. As a corollary of his right of access, a prisoner has a right to correspond with his legal counsel. Id. In like manner, prior to the date of August 9, 2023 the plaintiff had fourteen days from the date of July 18, 2023 to object to a magistrate judge's findings, conclusions, and recommendation to dismiss the plaintiff's eight civil lawsuits; however, the plaintiff was deprived of his constitutional right of access to the courts to file timely objections to a magistrate judge's findings, conclusions, and recommendation to dismiss eight of the plaintiff's civil lawsuits and to keep the eight civil lawsuits progressing - on account of defendant Lynnette J. Jalufka recklessly impeding on the plaintiff's access to the courts, whereby delivering the plaintiff's incoming legal mail to him relevant to a magistrate judge's findings, conclusions, and recommendation to dismiss eight of the plaintiff's civil lawsuits past the deadline for

the plaintiff Michael Jarrow to file timely Objections.

## ARGUMENTS Point 2

The defendant Lynnette J. Jalufka's reckless violation of the plaintiff Michael Jarrow's constitutional right of access to the Courts also infringed the plaintiff's First Amendment right to freedom of speech. See Bieregu, 59 F.3d at 1451. As Justice Holmes recognized years ago, "the United States may give up the post Office when it sees fit, but while it carries it on the use of the mails is almost as much a part of free speech as the right to use our tongues." Id. Thus the Supreme Court has generally treated interference with the mail as implicating the First Amendment right to free speech. Id., at 1451. Similarly, defendant Lynnette J. Jalufka withheld the plaintiff's incoming legal mail and delivered the plaintiff's incoming legal mail to him past the deadline for the plaintiff to file timely objections to a magistrate Judge's recommendations to dismiss eight of the plaintiff's civil lawsuits which deprived the plaintiff of his First Amendment right of freedom of speech of the United States Constitution - to communicate with the United States Magistrate Judge, whereby the plaintiff filing timely objections to the magistrate Judge's recommendations to dismiss eight of the plaintiff's civil lawsuits. See Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 125, 97 S.Ct. 2532, 2538, 53 L.Ed. 2d 629, 638 (1977). Perhaps the most obvious of the First Amendment rights that are necessarily curtailed by confinement are those associational rights that the First Amendment protects outside of prison walls. Id., at 2538, 53 L.Ed 2d at 638. See also Pell v. Procunier, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed. 2d 495, 501 (1974). In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with

the legitimate penological objectives of the Corrections System. Id., at 822, 94 S.Ct., at 2804. Similarly, the plaintiff Michael Jarrow had a protected First Amendment right correlated with the United States District Court for the Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, Texas 79101 in view of the fact that the plaintiff was a litigant in several civil lawsuits filed by the plaintiff in the above aforesaid district court - which was not inconsistent with my protected First Amendment right as a prisoner or inconsistent with the plaintiff's status as a prisoner pertaining to the plaintiff receiving and mailing incoming and outgoing legal mail relevant to communicating with the United States District Court for the Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, Texas 79101 through legal correspondence. See Gomez v. Vernon, 255 F.3d 1118, 1133 (2001). As the Supreme Court has held, the inmate's First Amendment and other rights pertaining to privileged correspondence are "not inconsistent with [their] status as ... prisoners or with the legitimate penological objectives of the correctional system." Id., at 1133. Nevertheless, defendant Lynnette J. Jalufka infringed on the plaintiff's protected First Amendment right of freedom of speech, whereby hindering the plaintiff Michael Jarrow from communicating with the United States District Court for the Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, Texas 79101.


## ARGUMENTS Point 3


The plaintiff seeks punitive damages against defendant Lynnette J. Jalufka in her individual capacity for her reckless disregard for the plaintiff's constitutional right. See Carlson v. Green, 446 U.S. 14, 22, 100 S.Ct. 1468, 1473, 64 L.Ed. 2d 15, 25-26, 1980 U.S. LEXIS 120, at ****17 (1980). Punitive damages are "a particular remedial mechanism normally available in the federal

Courts," Bivens, 403 U.S., at 397, and are especially appropriate to redress the violation by a Government official of a citizen's constitutional rights. Id., at 22, 100 S.Ct., at 1473. Similarly, the plaintiff Michael Jarrow's constitutional right of access to the Courts was recklessly disregarded by defendant Lynnette J. Jalufka, whereby defendant Lynnette J. Jalufka withholding the plaintiff's incoming legal mail and defendant Lynnette J. Jalufka delivering the plaintiff's incoming legal mail to him late and past deadlines to file timely objections in the United States District Court for the Northern District of Texas Amarillo Division - which resulted with eight of the plaintiff's civil lawsuits to be dismissed. Therefore, the plaintiff seeks punitive damages against defendant Lynnette J. Jalufka for her reckless conduct, atypical to the constitutional right of the plaintiff; and to deter defendant Lynnette J. Jalufka from similar conduct in the future. See Smith v. Wade, 461 U.S. 30, 49, 103 S.Ct. 1625, 1636, 75 L.Ed. 2d 632, 647 (1983). He points out that punitive damages, by their very nature, are not awarded to compensate the injured party. See Newport v. Fact Concept, Inc., 453 U.S. 247, 266-267 (1981); Electrical Workers v. Foust, 442 U.S. 42, 48 (1979); Gertz v. Robert Welch, Inc., 418 U.S. 323, 349-350 (1974). He concedes, of course, that deterrence of future egregious conduct is a primary purpose of both §1983, See Newport, Supra, at 268; Owen v. City of Independence, 445 U.S. 622, 651 (1980); Robertson v. Wegmann, 436 U.S. 584, 591 (1978), and of punitive damages, See Newport, Supra, at 268; Restatement (Second) of Torts §908(1)(1979). But deterrence, he contends, cannot be achieved unless the standard of conduct sought to be deterred is stated with sufficient clarity to enable potential defendants to conform to the law and to avoid the proposed sanction. Id., 461 U.S., at 49, 103 S.Ct., at 1636. Similarly, the plaintiff Michael Jarrow seeks punitive damages against defendant Lynnette J. Jalufka to punish defendant Lynnette J. Jalufka for her reckless disregard for the plaintiff's constitutional right and to deter similar reckless misconduct in

the future.

## ARGUMENTS Point 4

Point four of these arguments is to challenge the constitutionality of Title 28 of the United States Code, Section 1915(g). See Lewis v. Sullivan, 135 F.Supp.2d 954, 958, 2001 U.S. Dist. LEXIS 7263, at **6-**7 (2001). In order to pursue a challenge to §1915(g), petitioner must establish that he has standing, that is, he "must allege personal injury fairly traceable to the challenged action." Allen v. Wright, 468 U.S. 737, 751, 82 L.Ed.2d 556, 104 S.Ct. 3315 (1984). Id., 135 F.Supp.2d, at 958, 2001 U.S. Dist. LEXIS 7263, at **6. Persons alleging denial of access to the court cannot speculate that they will be denied access to the court; they must show with specificity how they have been hindered in their ability to pursue a legal claim. See Lewis v. Casey, 518 U.S. 343, 351, 135 L.Ed.2d 606, 116 S.Ct. 2174 (1996). Id., 135 F.Supp.2d, at 958, 2001 U.S. Dist. LEXIS 7263, at **6-**7. The Plaintiff Michael Jarrow pursues this challenge to the constitutionality of 28 U.S.C. §1915(g) inasmuch as 28 U.S.C.§1915(g)'s three-strikes provision prevents the plaintiff Michael Jarrow from bringing a meritorious civil rights claim for a violation of the Plaintiff's fundamental constitutional right of access to the courts - in view of the fact that the plaintiff is an indigent inmate and the plaintiff has already acquired three-strikes under the provision of 28 U.S.C. §1915(g). See Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606, 618 (1996). Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," Id., at 823 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. Id., 518 U.S., at 351, 116 S.Ct., at 2180. He might show, for example, that a complaint he prepared

was dismissed for failure to satisfy some technical require-ment which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Id., 518 U.S., at 351, 116 S.Ct., at 2180. Similarly, the plaintiff Michael Jarrow brings this civil rights lawsuit against defendant Lynnette J. Jalufka for her reckless indifference to the plaintiff's funda-mental constitutional right of access to the courts, and in like manner, the plaintiff Michael Jarrow challenges the constitutionality of 28 U.S.C. §1915(g) as unconstitutional to the plaintiff's fundamental constitutional right of access to the courts. See Lewis v. Sullivan, supra, at 959. Without the right to petition the courts, federal constitutional rights would be of little value. Id. The right of access is the bedrock of fundamental constitutional rights, enabling persons to vindicate and protect those rights. Id. It is particularly important for prisoners. Id. See, e.g., Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir. 1992). ("An inmate's access to the courts is the most fundamental of his rights: 'all other rights of an inmate are illusory without it, being entir-ely dependent for their existence on the whim or caprice of the prison warden.'") (quoting Adams v. Carlson, 488 F.2d 619, 630 (7th Cir. 1973) ). Id., 135 F.Supp.2d, at 958, 2001 U.S. Dist. LEXIS 7263, at **11. Furthermore, the plaintiff Michael Jarrow challenges the constitutionality of 28 U.S.C. §1915(g) as unconstitutional to the plaintiff's fundamental constitutional right of access to the courts in view of the fact that the plaintiff filed eight civil lawsuits in the United States District Court for the Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, Texas 79101, for example, civil lawsuits filed by the plaintiff such as: Eighth Amendment civil lawsuits under the cruel and unusual punishment clause, fourth Amendment civil law-suits for unreasonable searches and seizures, and several state law civil claims-which were all dismissed on account of: the United States Magistrate Judge in the United States District Court for the Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, Texas

79101 mailing the plaintiff the findings, conclusions, and recommendations to dismiss the plaintiff's eight civil lawsuits entered on the date of July 18, 2023 and the plaintiff having fourteen (14) days to file objections from the date of July 18, 2023 aforesaid above and defendant Lynnette J. Jalufka delivering the plaintiff's incoming legal mail to him from the United States District Court aforesaid hereinbefore past the deadline for the plaintiff to file timely objections - which caused the plaintiff's eight civil lawsuits to be dismissed. The plaintiff finds 28 U.S.C. §1915(g) unconstitutional inasmuch as 28 U.S.C. §1915(g) prevents the plaintiff from lawfully exercising his First Amendment right of the United States Constitution under the Freedom of Speech clause relevant to the deprivation of the plaintiff's access to the courts fundamental constitutional right, by defendant Lynnette J. Jalufka. See Lewis v. Sullivan, supra, at 957. If it is read to prohibit indigent prisoners from raising claims involving their fundamental constitutional rights, it constitutes an unconstitutional restriction on their right of access to the courts. Id. Furthermore, the plaintiff finds 28 U.S.C. §1915(g) unconstitutional because 28 U.S.C. §1915(g) prohibits indigent prisoners from vindicating their constitutional rights if the prisoners have acquired three prior dismissals on certain grounds and the prisoners are not in imminent danger of serious physical injury. The court may refer to Exhibit "B" attached hereto to scrutinize the accuracy of the plaintiff Michael Jarrow's indigence. Furthermore, most and perhaps all First Amendment access to the courts civil lawsuits ever end with the plaintiff suffering from imminent danger of serious physical injury because of the defendant's alleged misconduct. And similarly, most and perhaps all First Amendment access to the courts civil lawsuits ever start (i.e., are commenced) with the plaintiff suffering from imminent danger of serious physical injury because of the defendant's alleged misconduct. See Siggers-El v. Barlow, 433 F.Supp.2d 811, 816 (2006). Congress did not intend to allow "prison officials to violate inmate First Amendment rights with impunity, resolute with the knowledge" that First Amendment violations will almost never result in physical injuries. Id. Which makes 28 U.S.C. §1915(g) unconstitutional relevant to First Amendment access to the courts civil lawsuits. See Lewis, 518 U.S., at 346. Respondents are 22 inmates of various prisons operated by ADOC. In January 1990, they filed this class action "on behalf of all adult prisoners who are or will be incarcerated by the State of Arizona Department of Corrections," App. 22, alleging that petitioners were "depriving

[respondents] of their rights of access to the courts and counsel protected by the First, Sixth, and Fourteenth Amendments," id., at 34. Following a 3-month bench trial, the District Court ruled in favor of respondents, finding that "prisoners have a constitutional right of access to the courts that is adequate, effective and meaningful," 834 F.Supp. 1553, 1566 (Ariz. 1992), citing Bounds, supra, at 822, and that "[ADOC's] system fails to comply with constitutional standards," 834 F.Supp., at 1569. Id., 518 U.S., at 346, 116 S.Ct., at 2177. Moreover, the plaintiff Michael Jarrow has standing to challenge the constitutionality of 28 U.S.C. §1915(g) because the plaintiff is entitled to have the district court decide the merits of the plaintiff's challenge to the constitutionality of 28 U.S.C. §1915(g) under Article III of the United States Constitution in view of the fact that the plaintiff has a fundamental constitutional right of access to the courts. See Allen v. Wright, 468 U.S. 737, 750-751, 104 S.Ct. 3315, 3324, 82 L.Ed. 2d 556, 569 (1984). The Art. III doctrine that requires a litigant to have "standing" to invoke the power of a federal court is perhaps the most important of these doctrines. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Id. Article III of the Constitution confines the federal courts to adjudicating actual "cases" and "controversies." As the Court explained in Valley Forge Christian College v. American United for Separation of Church and State, Inc., 454 U.S. 464, 471-476 (1982), the "case or controversy" requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded. The several doctrines that have grown up to elaborate that requirement are "founded in concern about the proper - and properly limited - role of the courts in a democratic society." Id. Similarly, the plaintiff Michael Jarrow has conformed to the idea of separation of powers: (1) relevant to the legislative branch under Article I of the U.S. Constitution the defendant Lynnette J. Jalufka's reckless disregard to the plaintiff's fundamental constitutional right of access to the courts was also a violation of a TDCJ Board Policy; (2) relevant to the executive branch under Article II of the U.S. Constitution the defendant Lynnette J. Jalufka was employed by the Texas Department of Criminal Justice to perform all duties prescribed in the Texas Department of Criminal Justice Board Policy Number: 03.91;

and (3) relevant to the judicial branch under Article III of the U.S. Constitution the plaintiff has standing to bring this suit against defendant Lynnette J. Jalufka, inasmuch as the defendant's alleged unlawful conduct was fairly traceable to the plaintiff Michael Jarrow's alleged injury. See Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed. 2d 700, 709 (1982). A recent line of decisions, however, has resolved that ambiguity, at least to the following extent: At an irreducible minimum, Art. III requires the party who invokes the court's authority to "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," Gladstone, Realtors v. Bellwood, 441 U.S. 91, 99 (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," Simon v. Eastern Kentucky Welfare Rights Org, 426 U.S. 26, 38, 41 (1976). In this manner does Art. III limit the federal judicial power "to those disputes which confine federal courts to a role consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process." Flast v. Cohen, 392 U.S., at 97. Id., 454 U.S., at 471, 102 S.Ct., at 758. Furthermore, the plaintiff Michael Jarrow has standing under Article III of the United States Constitution to challenge the constitutionality of 28 U.S.C. §1915(g) inasmuch as the plaintiff has been deprived of pursuing a court order by a United States Magistrate Judge notifying the plaintiff that the plaintiff had fourteen days to file objections to prevent the plaintiff's civil lawsuit from being dismissed, moreover, the plaintiff was delivered eight different notifications for eight different civil lawsuits on the date of August 9, 2023 on 12-building at 12-18 cell on C2-wing, at William P. Clements Unit by defendant Lynnette J. Jalufka. Which caused all eight of the plaintiff's civil lawsuits to be dismissed, which was in reckless indifference to the plaintiff's fundamental constitutional right of access to the courts on the part of defendant Lynnette J. Jalufka. Moreover, the personal injury that the plaintiff Michael Jarrow sustained on August 9, 2023 aforesaid hereinabove is fairly traceable to the defendant Lynnette J. Jalufka's unlawful conduct. See Allen, supra, at 751. The requirement of standing, however, has a core component derived

directly from the Constitution. Id. A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. 454 U.S., at 472. Id., 468 U.S., at 751, 104 S.Ct., at 3324. Furthermore, the plaintiff Michael Jarrow will contend that 28 U.S.C. §1915(g) is unconstitutional inasmuch as 28 U.S.C. §1915(g) abridges the Plaintiff's First Amendment United States constitutional rights of freedom of speech and to petition the Government for a redress of grievances. See Rivera v. Allin, 144 F.3d 719, 723 (1998). The United States Constitution provides that "Congress shall make no law... abridging... the right of the people ... to petition the Government for a redress of grievances." U.S. amend 1. Rivera focuses on one aspect of the First Amendment, "the right of access to the courts[.]" Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 741, 103 S.Ct. 2161, 2169, 76 L.Ed 2d 277 (1983). Specifically, Rivera argues that Section 1915(g)'s purpose and effect is to prevent him and other frequent filer prisoner indigents from filing civil lawsuits-even meritorious ones-since they cannot afford to prepay the entire filing fee. Id., 144 F.3d at 723. Moreover, 28 U.S.C. §1915(g) is unconstitutional and abridges the plaintiff Michael Jarrow's First Amendment right inasmuch as Congress has made a law, i.e., 28 U.S.C. §1915(g) which prevents indigent prisoners with three prior dismissed civil lawsuits that were dismissed on certain grounds from filing civil lawsuits that will enable a prisoner to proceed in forma pauperis unless the prisoner is under imminent danger of serious physical injury. In view of the fact that most or perhaps even all First Amendment civil lawsuits do not result with the plaintiff suffering imminent danger of serious physical injury which will not allow an indigent prisoner to proceed in forma pauperis in civil actions under the First Amendment of the United States Constitution which is repugnant to the text of the First Amendment of the United States Constitution. See Matal v. Tam, 582 U.S. 218, 234, 137 S.Ct. 1744, 1757, 198 L.Ed. 2d 366, 380 (2017). The First Amendment prohibits Congress and other government entities and actors from "abridging the freedom of speech," the First Amendment does not say that Congress and other government

entities must abridge their own ability to speak freely. Id. See Barr v. Am. Ass'n of Political Consultants, ___U.S.___, 140 S. Ct. 2335, 2346, 207 L.Ed.2d 784, 793 (2020). Ratified in 1791, the First Amendment provides that Congress shall make no law "abridging the freedom of speech." Id. However, the plaintiff Michael Jarrow finds Title 28 of the United States Code, Section 1915(g) unconstitutional inasmuch as Congress has enacted a law that abridges an indigent prisoner's First Amendment right of freedom of speech of the United States Constitution, whereby enacting 28 U.S.C. §1915(g) which prohibits indigent prisoners from bringing civil lawsuits unless the indigent prisoner is in imminent danger of serious physical injury. Which forbids indigent prisoners from bringing First Amendment civil lawsuits unless the prisoner has been and is in imminent danger of serious physical injury. Which was not what Congress intended in 1789 when the text of the Constitution was sent out to state ratifying conven-tions concerning the First Amendment of the United States Constitution—which touched upon core values of free speech, freedom of religion, the press, the right to peaceably assemble, and to petition the government for a redress of grievances. In other words, Congress has enacted a law, i.e., 28 U.S.C. §1915(g) which prohibits indigent inmates from setting foot in a courtroom to litigate a deprivation of his First Amendment right of the United States Constitution unless he is physically injured subsequent to having three prior civil actions dismissed on certain grounds. Which was not what the first Congress intend-ed at the convention of 1789. See Meyer v. Grant, 486 U.S. 414, 420, 108 S.Ct. 1886, 1891, 100 L.Ed.2d 425, 434 (1988). The First Amendment provides that Congress "shall make no law ... abridg-ing the freedom of speech, or of the press; or the right of people peaceably to assemble, and to petition the Government for a redress of grievances." Id., 486 U.S., at 420, 108 S.Ct., at 1891. See also Richmond Newspapers v. Va., 448 U.S. 555, 576, 100 S.Ct. 2814, 2827, 65 L.Ed.2d 973, 989 (1980). What this means in

the context of trials is that the First Amendment guarantees of Speech and press, standing alone, prohibit government from summarily closing courtroom doors which had long been open to the public at the time that Amendment was adopted." Id., 448 U.S., at 576, 100 S.Ct., at 2827. The plaintiff Michael Jarrow finds Title 28 U.S.C. §1915(g) unconstitutional to the plaintiff's First Amendment right of the United States Constitution under the freedom of Speech clause for the foregoing reasons.

Title 28 of the United States Code, Section 1915(g) is also unconstitutional under the equal protection clause of the Fourteenth Amendment of the United States Constitution. See Engquist v. Or. Dept. of Agric., 553 U.S. 591, 597, 128 S.Ct. 2146, 2150, 170 L.Ed. 2d 975, 983 (2008). It is well settled that the Equal Protection Clause "protect[s] persons, not groups," Adarand Constructors v. Pena, 515 U.S. 200, 227, 115 S.Ct. 2097, 132 L.Ed. 2d 158 (1995) (emphasis), and that the clause's protections apply to administrative as well as legislative acts, see, e.g., Raymond v. Chicago Union Traction Co., 207 U.S. 20, 35-36, 28 S.Ct. 7, 52 L.Ed. 78 (1907). Id., 553 U.S., at 597, 128 S.Ct., at 2150. See also Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073, 1074, 145 L.Ed. 2d 1060, 1063 (2000). Our cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. Similarly, 28 U.S.C. §1915(g) violates the plaintiff Michael Jarrow's equal protection of the laws of the United States Constitution under the Fourteenth Amendment, inasmuch as Congress has enacted a law that abridges an indigent prisoners First Amendment right of the United States Constitution, i.e., 28 U.S.C. §1915(g); which treats indigent prisoners with three prior dismissals on certain grounds, i.e., for frivolousness, maliciousness, or for failure to state a claim upon which relief may be granted who seeks to vindicate their First Amendment rights of the United States Constitution differently from indigent prisoners with three prior dismissals on certain grounds aforesaid above who seek to vindicate dissimilar rights of the United States Constitution other than First Amendment constitutional

rights inasmuch as indigent prisoners who seek to vindicate deprivations of constitutional rights other than deprivations of First Amendment constitutional rights may assert a claim of imminent danger of serious physical injury to overcome the three strikes provision of 28 U.S.C. §1915(g) and to proceed in forma pauperis. See Bruce v. Samuels, 577 U.S. 82, 86, 136 S.Ct. 627, 630, 193 L.Ed.2d 496, 500 (2016). To further contain prisoner litigation, the PLRA introduced a three-strikes provision: Prisoners whose suits or appeals are dismissed three or more times as frivolous, malicious, or failing to state a claim on which relief may be granted are barred from proceeding IFP "unless the prisoner is under imminent danger of serious physical injury." Id. Whereas, indigent prisoners who seek to vindicate their First Amendment constitutional rights who have acquired three or more prior dismissals on certain grounds, aforesaid hereinbefore may not proceed in forma pauperis inasmuch as most or perhaps all First Amendment civil law-suits are not commenced with the plaintiff suffering from imminent danger of serious physical injury - just as in the case at bar with the plaintiff Michael Jarrow and the defend-ant Lynnette J. Jalufka. See Siggers-El v. Barlow, 433 F.Supp. 2d, at 816. In Percival v. Rowley, 2005 WL 2572034 (W.D. Mich. 2004)(unpublished)(Enslen, J.), the court held that since First Amendment violations rarely, if ever, result in physical injuries, construction of the PLRA against recovery of damages would defeat congressional intent and render constitutional protections meaningless. Id. Similarly, for courts of the United States to hold 28 U.S.C. §1915(g) constitutional relevant to indigent prisoners First Amendment civil lawsuits who have acquired three or more prior dismissals on certain grounds aforesaid hereinabove and who are not in imminent danger of serious physical injury deprives those indigent prisoners of the equal protection of the laws under the Fourteenth Amendment of the United States

Constitution, whereby preventing indigent prisoners who seek to vindicate their First Amendment constitutional rights who have acquired three or more prior dismissals on certain grounds and who are not in imminent danger of serious physical injury from vindicating their First Amendment constitutional rights in court and allowing indigent prisoners who seek to vindicate constitutional deprivations other than First Amendment constitutional deprivations with three or more prior dismissals on certain grounds and who are in imminent danger of serious physical injury to pursue their constitutional civil rights claim in court. See Romer v. Evans, 517 U.S. 620, 623, 116 S.Ct. 1620, 1623, 134 L.Ed.2d 855, 860 (1996). One century ago, the first Justice Harlan admonished this court that the Constitution "neither knows nor tolerates classes among citizens." Plessy v. Ferguson, 163 U.S. 537, 559, 41 L.Ed. 256, 16 S.Ct. 1138 (1896) (dissenting opinion). Id., 517 U.S., at 623, 116 S.Ct., at 1623. Unheeded then, those words now are understood to state a commitment to the law's neutrality where the rights of persons are at stake. Id., 517 U.S., at 623. "The guaranty of 'equal protection of the laws is a pledge of the protection of equal laws." Id., 517 U.S., at 633-634. See also Obergefell v. Hodges, 576 U.S. 644, 673, 135 S.Ct. 2584, 2603, 192 L.Ed.2d 609, 630 (2015). Indeed, in interpreting the Equal Protection Clause, the Court has recognized that new insights and societal understandings can reveal unjustified inequality within our most fundamental institutions that once passed unnoticed and unchallenged. Id. Therefore, the plaintiff Michael Jarrow finds Title 28 of the United States Code, Section 1915(g) unconstitutional under the equal Protection Clause of the Fourteenth Amendment of the United States Constitution. The plaintiff Michael Jarrow also challenges the constitutionality of 28 U.S.C. §1915(g) under the due process Clause of the Fifth Amendment of the United States Constitution. See Rivera v. Allin, 144 F.3d 719, 726, 1998 U.S. App. LEXIS 14909, at ** 21 (1998). The Fifth Amendment prohibits the federal government from depriving a person of "life, liberty, or property, without due process of law." U.S. Const. amend. V. Id., at 726. " This clause ... provides two

different kinds of constitutional protection; procedural due process and substantive due process." Id. Furthermore, 28 U.S.C. §1915(g) is unconstitutional under the due process clause of the Fifth Amendment of the United States Constitution inasmuch as 28 U.S.C. §1915(g) constrains indigent prospective inmate litigants who have acquired three or more prior dismissals on the grounds of frivolousness, maliciousness, or for failing to state a claim upon which relief may be granted, and who are not in imminent danger of serious physical injury, from proceeding in forma pauperis to vindicate a deprivation of his First Amendment rights of the United States Constitution in federal court. See Kovac v. Wray, 363 F. Supp. 3d 721, 749, 2019 U.S. Dist. LEXIS 35356, at **48 (2019). The Due Process Clause of the Fifth Amendment guarantees that "[N]o person shall be ... deprived of life, liberty, or property, without due process of law." U.S. Const. amend V. Id., at 749. Unlike procedural due process, substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." Id., 363 F. Supp. 3d, at 749, 2019 U.S. Dist. LEXIS 35356, at **48. Similarly, the procedures used to implement 28 U.S.C. §1915(g) deprives indigent prisoners of their First Amendment rights of the United States Constitution to bring a civil lawsuit in forma pauperis in federal court under the First Amendment of the United States Constitution, if the prisoner has three or more prior dismissals on certain grounds aforesaid hereinbefore, and if the prisoner is not in imminent danger of serious physical injury. Which was not what the first Congress intended in 1789 at the state ratifying conventions concerning the First Amendment of the United States Constitution. See District of Columbia v. Heller, 554 U.S. 570, 625-626, 128 S. Ct. 2783, 2816, 171 L. Ed. 2d 637, 678 (2008). This Court first held a law to violate the First Amendment's guarantee of freedom of speech in 1931, almost 150 years after the Amendment was ratified, see Near v. Minnesota ex rel. Olson, 283 U.S. 697, 51 S. Ct. 625, 75 L. Ed. 1357 (1931), and it was not until after World War II that we held a law invalid under the Establishment Clause, see

*Illinois ex rel. McCollum v. Bd. of Educ.*, 333 U.S. 203, 68 S.Ct. 461, 92 L.Ed. 649 (1948). *Id.*, 554 U.S., at 625-626, 128 S.Ct, at 2816. See *Hernández-Gotay v. United States*, 985 F.3d 71, 80, 2021 U.S. App. LEXIS 1016, at **11 (2021). The First Amendment states that "Congress shall make no law... abridging the freedom of speech." U.S. Const. amend. I. *Id.*, at 80. However, congress has enacted a law, i.e., 28 U.S.C. §1915(g) which abridges an indigent prisoner's substantive due process right under the Fifth Amendment of the United States Constitution and abridges an indigent prisoner's freedom of speech under the First Amendment of the United States Constitution. See *Al-Amin v. Smith*, 511 F.3d 1317, 1333, 2008 U.S. App. LEXIS 180, at **43 (2008). Further, it is well established that a prison inmate "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the Corrections System." *Id.* See also *Schneider v. Rusk*, 377 U.S. 163, 168, 84 S. Ct. 1187, 1190, 12 L.Ed.2d 218, 222 (1964). Moreover, while the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is "so unjustifiable as to be violative of due process." *Id.* In addition, 28 U.S.C. §1915(g) constrains the plaintiff Michael Jarrow's First Amendment right of freedom of speech that the plaintiff retains as a prison indigent inmate, inasmuch as 28 U.S.C. §1915(g) prohibits the plaintiff from exercising his First Amendment freedom of speech right in federal court unless the plaintiff is physically injured. Similarly, 28 U.S.C. §1915(g) violates the plaintiff's substantive due process right under the Fifth Amendment of the United States Constitution inasmuch as 28 U.S.C. §1915(g)'s procedures has restrained the plaintiff from exercising his First Amendment freedom of speech constitutional right in federal court, whereby providing that the plaintiff can not acquire in forma pauperis status to proceed in federal court unless the plaintiff is physically injured. Therefore, the plaintiff finds Title 28 of the United States Code, Section 1915(g) unconstitutional relevant to the case at bar.

ARGUMENTS POINTS

The Plaintiff Michael Jarrow seeks intervention from the Attorney General of the United States. See Okla. ex rel. Edmondson v. Pope, 516 F.3d 1214, 1215, 2008 U.S. App. LEXIS 4154, at **1 (2008). Federal Rule of Civil Procedure 5.1 requires a party contesting the constitutionality of a federal statute to serve the Attorney General of the United States with notice of the action. Id. Similarly, the Plaintiff Michael Jarrow has served the Attorney General of the United States with a notice authorized under Rule 5.1(a)(2) of the Federal Rules of Civil Procedure, notifying the Attorney General of the United States of the challenged federal statute 28 U.S.C. §1915(g) and also giving notice to the Attorney General of the United States of which paper (i.e., Exhibit "A") contained the constitutional challenge to 28 U.S.C. §1915(g). See Okla. ex rel. Edmondson, 516 F.3d, at 1215. 28 U.S.C. § 2403(a) requires the court ruling on such a challenge to do the same. Id., at 1215. Similarly, the Plaintiff Michael Jarrow filed a notice in the United States District Court for the Northern District of Texas Amarillo Division pursuant to Rule 5.1(a)(1)(A) of the Federal Rules of Civil Procedure and Title 28 of the United States Code, Section 2403(a) notifying the United States District Court for the Northern District of Texas Amarillo Division that this civil action involves a challenge to the constitutionality of a federal statute (i.e., 28 U.S.C. §1915(g)) and a brief summary of the argument to the challenged federal statute as unconstitutional.

CONCLUSION

The Plaintiff Michael Jarrow will like for the United States District Court for the Northern District of Texas Amarillo Division to liberally construe this memorandum of law and legal arguments in support of the plaintiff's complaint so as to do justice.

Date: February 26, 2024
Signature: Michael Jarrow
Printed Name: Michael Jarrow
Address: P.O. Box 660400 Dallas, Texas 75266-0400

In the United States District Court
For the Northern District of Texas
Amarillo Division

Michael Jarrow,
Plaintiff

v.

Lynnette J. Jalufka,
Defendant

PLAINTIFF'S STATEMENT OF JURISDICTION IN THE UNITED STATES DISTRICT COURT

Civil Action No. _____

# FEDERAL QUESTION

This action arises under United States Code, Title 28 Section 1331. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 162 L.Ed. 2d 502, 125 S.Ct. 2611 (2005). In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases - civil actions that arise under the Constitution, laws, or treaties of the United States. Id. In particular, jurisdiction under this statute is proper because the plaintiff Michael Jarrow brings this civil rights action against defendant Lynnette J. Jalufka under 42 U.S.C. §1983 for the defendant's deprivation of the plaintiff's First Amendment right of the United States Constitution under the freedom of speech clause.

Date: February 25, 2024
Signature: Michael Jarrow
Printed Name: Michael Jarrow
Address: P.O. Box 660400 Dallas, Texas 75266-0400

HSG 105 10/31/23



## Texas Department of Criminal Justice

# STEP 2      OFFENDER
GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2023116460

UGI Recd Date: OCT 13 2023

HQ Recd Date: OCT 23 2023

Date Due: 11-22-23

Grievance Code: 307

Investigator ID#: 10674

Extension Date: _____

Offender Name: **Michael Jarrow**      TDCJ # **2181127**

Unit: **Clements**      Housing Assignment: **HS-G-105**

Unit where incident occurred: **Clements Unit**

---

*You must attach the completed Step 1 Grievance that has·been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

Give reason for appeal (Be Specific).      *I am dissatisfied with the response at Step 1 because...*

I am dissatisfied with the response on my Step One Grievance because it states, "Your complaint has been investigated and findings reviewed. Due to extenuating circumstances, there are delays in processing mailroom duties. Every effort is made to ensure mail is being processed in a timely manner. No further action warranted." However, the TDCJ BP-03.91 (rev.6) UNIFORM INMATE CORRESPONDENCE RULES States, "All incoming mail, except packages shall be delivered within two business days of receipt." Incoming packages shall be delivered within three business days of receipt." Whereas, Ms. Jalufka, Admin. Asst. II delivered nine incoming legal correspondence from the United States District Court Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, Texas 79101 from the CLERK of the Court, 10 business days late on the date of August 9, 2023 on 12-building at 12-C2-18 cell at the Clements Unit to me-contrary to the TDCJ BP-03.91 (rev.6) UNIFORM INMATE CORRESPONDENCE RULES as it is stated above. Moreover, as a result of Ms. Jalufka, Admin. Asst. II delivering nine incoming legal correspondence to me 10 business days late from the United States District Court Northern District of Texas 205 S.E. 5th Ave. Room 133 Amarillo, Texas 79101 from the

I-128 Front (Revised 11-2010)      **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**      (OVER)

**Appendix G**

CLERK of the Court: I missed deadlines to file written objections for several of my civil lawsuits that I had pending in the United States District Court Northern District of Texas 205 S.E. 5th Ave., Room 133 Amarillo, Texas 79101 - which also resulted with the dismissal of the civil lawsuits mentioned above.

**Offender Signature:** Michael Darrow  **Date:** 10-12-2023

**Grievance Response:**

\* \* \* \* \* \* \* \* \* \* \* \*

Your complaint has been reviewed. Records indicate that the Mailroom received a total of eight pieces of mail addressed to you from United States District Court in Amarillo between the dates of 07/21/23 and 08/07/23. Mailroom is severely short of staff and is working diligently to make deliveries as quickly as possible. Administration is aware of the delays in processing mail and is monitoring the situation. No further action warranted.\*\*\*

**Signature Authority:** Tammy Shelby  **Date:** 11/08/2023

**Returned because:**    *Resubmit this form when corrections are made.*

- [ ] 1. **Grievable time period has expired.**
- [ ] 2. **Illegible/Incomprehensible.\***
- [ ] 3. **Originals not submitted. \***
- [ ] 4. **Inappropriate/Excessive attachments.\***
- [ ] 5. **Malicious use of vulgar, indecent, or physically threatening language.**
- [ ] 6. **Inappropriate.\***

**CGO Staff Signature:** _____

<table>
<tr><td colspan="2"><b>OFFICE USE ONLY</b></td></tr>
<tr><td><b>Initial Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened  ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td><b>2nd Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd: _____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened  ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td><b>3rd Submission</b></td><td><b>CGO Initials:</b> _____</td></tr>
<tr><td colspan="2">Date UGI Recd:_____</td></tr>
<tr><td colspan="2">Date CGO Recd:_____</td></tr>
<tr><td colspan="2">(check one) ____Screened  ____Improperly Submitted</td></tr>
<tr><td colspan="2">Comments: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

**Appendix G**

In the United States District Court
For the Northern District of Texas
Amarillo Division

Michael Jarrow,
        Plaintiff

        V.

Lynnette J. Jalufka,
        Defendant

SUMMONS

Civil Action No. _____

TO THE ABOVE-NAMED DEFENDANT

You are hereby summoned and required to serve upon the Plaintiff in the above-styled cause, whose address is P.O. Box 660400 Dallas, Texas 75266-0400 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service, or 60 days if the U.S. Government or officer/agent thereof is a defendant. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Clerk of the Court

Date: _____

2128127 - Michael Jarrow - H.S.G-105
Clements Unit
9601 Spur 591
Amarillo, Texas 79107

U.S. District Clerk's Office

205 S.E. 5th Ave., Room 133
Amarillo, Texas 79101



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

FROM:
62781124 Michael Garrand - #B.G1-05B
Clements Unit
9601 Spur 591
Amarillo, TX 79107

TO: U.S. District Clerk's Office
205 S.E. 5th Ave.
Room 133
Amarillo, TX 79101

RECEIVED
MAR - 6 2024
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES
POSTAL SERVICE ®

elivery date specified for domestic use.

hipments include $100 of insurance (restrictions apply).*

ding® service included for domestic and many international destinations.

national insurance.**

internationally, a customs declaration form is required.

not cover certain items. For details regarding claims exclusions see the
anual at http://pe.usps.com.
nal Mail Manual at http://pe.usps.com for availability and limitations of coverage.

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

how2recycle.info

PAPER
POUCH

RATE ENVELOPE
■ ANY WEIGHT

‹ED ■ INSURED

EP14F October 2023
OD: 12 1/2 x 9 1/2

001000014